**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-07801-SB-AJR           Date:  September 16, 2025
                                                          Page 1 of 6

Title:      Darla Palacio Sambissa, et al. v. Robert Ezell, et al.

DOCKET ENTRY:    **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE TRANSFERRED TO THE DISTRICT OF NEW MEXICO PURSUANT TO 28 U.S.C. §§ 2241(d) AND 28 U.S.C. § 1404(a)**

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| Claudia Garcia-Marquez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANTS:

        None Present                        None Present

**PROCEEDINGS:  (IN CHAMBERS):**

**I.    BACKGROUND**

On August 20, 2025, Darla Palacio Sambissa filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition") on behalf of her husband, Christopher Sambissa.  (Dkt. 1.)  The Petition challenges Mr. Sambissa's June 12, 2025 arrest and continued detention by U.S. Immigration and Customs Enforcement, alleging violations of his Fourth and Fifth Amendment rights.  (Id. at ¶¶ 1-2, 14.)  The Petition alleges that Mr. Sambissa is currently detained  at the Torrance County Detention Center in Estancia, New Mexico.  (Id. at ¶ 11.)  According to the Petition, Mr. Sambissa suffers from significant cognitive impairments and limited English proficiency, which allegedly prevent him from pursuing habeas relief on his own behalf.  (Id. at ¶ 12.)  Mrs. Sambissa asserts that she may act as a "next friend" to seek habeas relief on her husband's behalf. (Id.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-07801-SB-AJR            Date: September 16, 2025
                                            Page 2 of 6

Title:    <u>Darla Palacio Sambissa, et al. v. Robert Ezell, et al.</u>

## II.    DISCUSSION

### A.    Venue Is Proper In The District of New Mexico.

"The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."  <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 443 (2004). According to the Petition, Mr. Sambissa is currently detained at the Torrance County Detention Center in Estancia, New Mexico.  (Dkt. 1 at ¶ 11.)  Torrance County is located within the jurisdictional boundaries of the District of New Mexico.  <u>See</u> 28 U.S.C. § 111. Accordingly, this Court appears to lack jurisdiction over the Petition.  <u>See, e.g.</u>, <u>Doe v. Garland</u>, 109 F.4th 1188, 1199 (9th Cir. 2024) ("Today we affirm the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees. The district court erred in exercising jurisdiction over Doe's core habeas petition because Doe failed to name his immediate custodian as respondent to his petition and filed the petition outside the district of his confinement.").

Under 28 U.S.C. § 1404(a), a district court has the power to transfer any civil action to another district where the action might have been brought "[f]or the convenience of parties and witnesses [or] in the interest of justice."  In determining whether transfer is appropriate in a particular case, a court must weigh multiple factors:  (1) the petitioner's choice of forum; (2) the parties' contacts with the forum; (3) the contacts in the chosen forum that relate to the petitioner's claims; (4) the costs of litigation in available forums; (5) the availability of compulsory process to compel the attendance of unwilling witnesses; (6) access to evidence; (7) the interest in having localized controversies decided in that forum; (8) the unfairness of imposing jury duty on citizens in an unrelated forum; and (9) the congestion of dockets in the two districts, measured by the median number of months from filing to trial.  <u>See</u> <u>Jones v. GNC Franchising, Inc.</u>, 211 F.3d 495, 498-99 (9th Cir. 2000) (citing <u>Steward Org. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988)).  It appears that the balance of factors favors transfer to the District of New Mexico, the only district that would have jurisdiction over the Petition. <u>See</u> 28 U.S.C. § 1404(a); 28 U.S.C. §§ 2241(d) ("The district court for the district wherein such an application is filed in the exercise of its discretion and

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.      2:25-cv-07801-SB-AJR                Date:  September 16, 2025
                                                  Page 3 of 6

Title:      <u>Darla Palacio Sambissa, et al. v. Robert Ezell, et al.</u>

in furtherance of justice may transfer the application to the other district court for hearing and determination."); <u>see also</u> 28 U.S.C. § 1631 (authorizing courts to transfer venue to cure lack of jurisdiction).  Indeed, the Ninth Circuit "has taken a broad view of when transfer is appropriate, recognizing that normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating."  <u>Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc.</u>, 793 F.3d 991, 996 (9th Cir. 2015) (internal quotation marks and brackets omitted).

    In addition to the jurisdictional issue set forth above, the Petition also cannot move forward with Mrs. Sambissa litigating this action without an attorney.  The Court discusses this issue below.

### B.      Next-Friend Standing Under 28 U.S.C. § 2242.

    The federal habeas statute provides that the "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended *or by someone acting in his behalf*."  28 U.S.C. § 2242 (emphasis added).  Congress added the phrase "or by someone acting in his behalf" by amendment in 1948, but courts had already long recognized that, under appropriate circumstances, habeas petitions may be brought by third parties on behalf of detainees.  <u>See</u> <u>Coal. of Clergy, Lawyers, and Professors v. Bush</u>, 310 F.3d 1153, 1157 (9th Cir. 2002).

    This form of third-party habeas standing, known as "next-friend" standing, was addressed in <u>Whitmore v. Arkansas</u>, 495 U.S. 149 (1990).  There, the Supreme Court held that next-friend standing requires a two-part showing:  (1) the detainee cannot litigate his own cause due to mental incompetence, lack of access to court, or other disability; and (2) the next friend has a significant relationship with the detainee and is truly dedicated to his best interests.  <u>Id.</u> at 163-64.  "The burden is on the 'next friend' to clearly establish" these prerequisites.  <u>Id.</u> at 164.

    Here, Mrs. Sambissa alleges that Mr. Sambissa suffers from cognitive impairments and language barriers.  (Dkt. 1 at ¶ 12.)  She submits exhibits in support of these assertions, including declarations from Mr. Sambissa's life coach and counselor Enika Brown and his former youth mentor Cherelle Grant.  (Dkt. 1 at 7-10, Exh. A.)  In addition,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.      2:25-cv-07801-SB-AJR                    Date:  September 16, 2025
                                                       Page 4 of 6

Title:      <u>Darla Palacio Sambissa, et al. v. Robert Ezell, et al.</u>

Mrs. Sambissa provides a marriage certificate demonstrating her significant relationship
and dedication to Mr. Sambissa's best interests.  (<u>Id.</u> at 11, Exh. B.)  Based on the Petition
and supporting exhibits, it appears that Mrs. Sambissa has satisfied both prongs of the
<u>Whitmore</u> test for next-friend status.  However, even assuming next-friend standing is
established, the Court must still address whether Mrs. Sambissa may prosecute this action
*pro se*.  For the reasons discussed below, such representation is not permitted under 28
U.S.C. § 1654.

### C.      <u>Limitation On *Pro Se* Representation.</u>

Federal law provides that "[i]n all courts of the United States the parties may plead
and conduct their own cases personally or by counsel[.]"  28 U.S.C. § 1654.  The Ninth
Circuit has made clear that this statutory right of self-representation is "personal to the
litigant and does not extend to other parties or entities."  <u>Simon v. Hartford Life, Inc.</u>, 546
F.3d 661, 664 (9th Cir. 2008); <u>see also</u>  <u>C.E. Pope Equity Tr. v. United States</u>, 818 F.2d
696, 697 (9th Cir. 1987).

The Central District of California's Local Rules similarly require "an appearance
before the Court on behalf of another person, an organization, or a class [to] be made only
by members of the Bar of this Court, as defined in L. R. 83-2.1.2," absent limited
exceptions inapplicable here.  C.D. Cal. L.R. 83-2.1.1.1.  The Local Rules further provide
that "[a]ny person representing himself or herself in a case without an attorney must
appear *pro se* for such purpose," and "that representation may not be delegated to any
other person—even a spouse, relative, or co-party in the case."  C.D. Cal. L.R. 83-2.2.1.

Here, while Mrs. Sambissa may initiate the instant Petition as next friend to
establish jurisdiction, she cannot prosecute this habeas petition without securing licensed
counsel admitted to practice before this Court.  The record reflects that Mrs. Sambissa is
not a licensed attorney.  <u>See</u> <u>C.E. Pope Equity Trust</u>, 818 F.2d at 697.  Because Mrs.
Sambissa is not a licensed attorney, the Court finds that she "has no authority to appear as
an attorney for others than [herself]."  <u>Id.</u>; <u>see also</u> C.D. Cal. L.R. 83-2.1.1.1; L.R. 83-
2.2.1.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.    2:25-cv-07801-SB-AJR                Date:  September 16, 2025
                                                Page 5 of 6

Title:    <u>Darla Palacio Sambissa, et al. v. Robert Ezell, et al.</u>

In sum, Mrs. Sambissa appears to qualify for next-friend status, which permits her to initiate the instant Petition.  It does not, however, allow her to prosecute this action *pro se* on her husband's behalf, and she must secure licensed counsel to proceed.

## III.    CONCLUSION

Based upon the foregoing, Mrs. Sambissa is **ORDERED TO SHOW CAUSE** in writing, no later than **October 16, 2025,** why this Court should not transfer this action to the District of New Mexico.  Mrs. Sambissa is advised that even if this action is transferred to the District of New Mexico, she will still need to retain licensed counsel to represent her husband, or Mr. Sambissa would have to represent himself, if he is able.

**Mrs. Sambissa is further advised that if she fails to timely respond to this Order to Show Cause, the Court may recommend that this action be dismissed without prejudice for her failure to comply with Court orders and failure to prosecute.  <u>See</u> Fed. R. Civ. P. 41(b).**

<u>Resources for Parties Without Attorneys</u>:  There are several Federal *Pro Se* Clinics that offer information and guidance to individuals who are representing themselves in federal civil actions in the Central District of California.  The clinics are operated by separate non-profit law firms, not the Court.  The lawyers and staff at the clinics will not take on direct representation of any individual, but they provide a broad range of information and guidance about many aspects of civil litigation in federal court.  There is a separate clinic located at each of the three courthouses in the Central District of California:

<u>Los Angeles</u>:  The clinic is located in Suite 170 (Terrace Level) of the Edward R. Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, California 90012.  For information on hours of operation and appointments, call (213) 385-2977, Ext. 270 or visit the *Pro Se* Clinic Home Page at https://prose.cacd.uscourts.gov/los-angeles.  The law firm that runs the Los Angeles *Pro Se* Clinic also offers many helpful templates, guides, samples, and instructional videos that are all available online at https://www.publiccounsel.org/services/federal-court/.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-07801-SB-AJR                    Date: September 16, 2025
                                                                            Page 6 of 6

Title:    Darla Palacio Sambissa, et al. v. Robert Ezell, et al.

Santa Ana:  The clinic is located in Room 1055 of the Ronald Reagan Federal
Building and United States Courthouse, 411 West 4th Street, Santa Ana, California.
For information on hours of operation and appointments, call (714) 541-1010, Ext.
222 or visit the *Pro Se* Clinic Home Page at https://prose.cacd.uscourts.gov/santa-
ana.

Riverside:  The clinic is located in Room 125 of the George E. Brown Federal
Building, 3470 12th Street, Riverside, California 92501.  For information on hours
of operation and appointments, call (951) 682-7968 or visit the *Pro Se* Clinic Home
Page at https://prose.cacd.uscourts.gov/riverside.

IT IS SO ORDERED.